Pfeifer, J.,
dissenting.
{¶ 45} I dissent from the majority’s holdings as to standing and as to whether the prevailing-wage statute applies to the facts of this case.
{¶ 46} As for standing, the majority misinterprets the statutes at issue. Being “authorized to represent employees” makes a labor organization an “interested party” under R.C. 4115.03(F). Then, we proceed to R.C. 4115.16(B). As an “interested party,” that labor organization pursuant to R.C. 4115.16(B) “may file a complaint in the court of common pleas of the county in which the violation is alleged to have occurred.” No statute limits a labor organization’s standing to the person or persons who authorize the labor organization to represent employees. The authorization makes the labor organization an “interested party.” The labor organization itself, upon filing, becomes the party in the lawsuit — notice that there is no “et al.” after the labor organization’s name in our own ease heading. It is filing the complaint on behalf of itself; it is raising the issue of an employer’s failure to pay the prevailing wage, in the same way a contractors’ association could file a complaint pursuant to R.C. 4115.03(F)(4) — under which such an association is an “interested party” — and 4115.16. Would the majority worry about how a contractors’ association did not represent any of the workers who might benefit from a successful claim?
{¶ 47} As for the prevailing-wage issue, let us look at the facts of this case. Gene’s Refrigeration, Heating & Air Conditioning, Inc. (“Gene’s”) bid on the Granger fire station project. Gene’s employees fabricated the ductwork that *258 other Gene’s employees would install. This ductwork was not purchased off the shelf from a vendor and was not already in Gene’s inventory. It was specifically fabricated for this specific job.
{¶ 48} We move to the statute:
{¶ 49} “The prevailing rate of wages to be paid for a legal day’s work, to laborers, workers, or mechanics, upon any material to be used in or in connection with a public work, shall be not less than the prevailing rate of wages payable for a day’s work in the same trade or occupation in the locality within the state where such public work is being performed and where the material in its final or completed form is to be situated, erected, or used.” (Emphasis added.) R.C. 4115.05.
{¶ 50} The ductwork here was “material to be used in * * * a public work.” We really need not go further. But the majority does; in its analysis of R.C. 4115.05, the majority installs ellipses where the statute establishes that the prevailing wage for work on materials used in connection with the public work shall be the prevailing wage in the locality “where the material in its final or completed work or completed form is to be situated, erected, or used.” The statute thus contemplates that some materials for a public work might sometimes be fabricated off-site and establishes that in such a case, the off-site work still qualifies for the prevailing wage; the wage to be paid is the prevailing wage in the locality of the public work. The majority willfully ignores that section of R.C. 4115.05 and instead embarks on jurisprudence by preposition, insisting that work “on” or “upon” a public work connotes geographical presence rather than the purpose of the work. Under the majority’s unique application of prepositions, working “on” a judicial opinion would require the writer to perch atop his or her computer screen while crafting an opinion. The majority’s locus focus is hocus pocus.
{¶ 51} The prevailing-wage statutory scheme at issue in this case is not ambiguous and does not require any divination of legislative intent. That the statute changed after this court’s decision in Clymer v. Zane (1934), 128 Ohio St. 359, 191 N.E. 123, is remarkable only for the reason that Clymer is good precedent only for a statute that no longer exists. The statute changed after Clymer by adding the “material to be used” language that is at issue in this case. The majority relates that “[t]he amendment does not reflect any legislative history or explanation for the changes. There is no indication that the amendment was intended to legislatively overrule or supersede Clymer, and Local 33 offers no support for that assertion.” Majority opinion, ¶ 32. First, our job is to interpret the statute as written, not to puzzle over motivations. Second, statements of legislative intent and concomitant referrals to specific holdings of the Ohio Supreme Court are only recent developments. Legislative etiquette has *259 changed; formerly, it was a cardinal sin to insert legislative intent into a bill, and that policy was strictly enforced by legislative leaders and by the Legislative Service Commission. If the General Assembly had intended to legislatively overrule Clymer, it certainly would not have said so.
Cosme, D’Angelo & Szollosi Co., L.P.A., and Joseph M. D’Angelo, for appellee.
Ross, Brittain & Schonberg Co., L.P.A., Alan G. Ross, and Nick A. Nykulak, for appellant.
Bricker & Eckler, L.L.P., and Luther L. Liggett Jr., urging affirmance for amici curiae Sheet Metal and Air Conditioning Contractors’ National Association of Cleveland and Sheet Metal & Roofing Contractors Association of the Miami Valley.
Cosme, D’Angelo & Szollosi Co., L.P.A., and Joseph M. D’Angelo, urging affirmance for amicus curiae Sheet Metal Contractors Association of Northwest Ohio, Inc.
Hunter, Carnahan, Shoub & Byard and Michael J. Hunter, urging affirmance for amicus curiae Ohio State Building and Construction Trades Council, AFL-CIO.
Sherman, Dunn, Cohen, Leifer & Yellig, P.C., and Terry R. Yellig, urging affirmance for amicus curiae Building and Construction Trades Department, AFL-CIO.
Schottenstein, Zox & Dunn Co., L.P.A., and Roger L. Sabo, urging reversal for amici curiae Ohio Contractors Association and Associated General Contractors of Ohio.
Baker & Hostetler, L.L.P., Elliot S. Azoff, and Jeffrey R. Vlasek, urging reversal for amici curiae Construction Employers Association, Associated General *260 Contractors of Ohio, Cleveland Division, Associated General Contractors of Ohio, Akron Division, Carpenter Contractors Association, Concrete Contractors Association, Deep Foundation Contractors Association, Glazing Contractors Association of Northeast Ohio, Greater Cleveland Roofing Contractors Association, Interior Systems Contractors Association, Inc., Mason Contractors Association, Millwright Employers Association, North Central Ohio Council of Employers of Bricklayers and Allied Craftworkers, Residential Carpenter Contractors Association, Sheet Metal and Air Conditioning Contractors’ National Association of North Central Ohio, Inc., Steel & Iron Contractors Association, and Tile-Marble-Terrazzo Contractors.
*259 {¶ 52} The majority foresees doom if Local 33 were to prevail today. But let us concern ourselves only with this case, not a parade of horribles. In this case, Gene’s employees were working on site-specific fabrications; the material they created was for the public project and was not fungible. The employees at issue worked for Gene’s, who was a winning bidder on the public project; they were not once- or twice-removed employees of other companies. Any speaker of English would agree that creating ductwork in an off-site shop for the Granger fire station project would be considered working “on” the Granger fire station project. The only relevant question in this case is whether Ohio’s prevailing-wage statutes apply to the Gene’s workers involved in preparing ductwork for installation in the Granger fire station. The answer is assuredly “yes.”
*260 McNamara & McNamara, L.L.P., Keith McNamara, and Jonathan M. Bryan, urging reversal for amicus curiae Ohio Ready Mixed Concrete Association.
Anthonio C. Fiore, urging reversal for amici curiae Ohio Chamber of Commerce, Dayton Area Chamber of Commerce, Council of Smaller Enterprises, Greater Akron Chamber of Commerce, Youngstown/Warren Regional Chamber, Toledo Regional Chamber of Commerce, and Cincinnati USA Regional Chamber.
Ross, Brittain & Schonberg Co., L.P.A., Alan G. Ross, and Nick A. Nykulak, urging reversal for amicus curiae Associated Builders & Contractors of Ohio, Inc.